UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>    Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01485-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 16) |

  Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

  On January 5, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 16). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because the issues involved in this case are complex; because this case involves medical issues that will require expert testimony; because this case will require discovery of documents, as well as depositions of a number of witnesses; because he has extremely limited access to the law library due to the COVID-19 pandemic and California's shutdowns and restrictions; because he has limited knowledge of the law; and because his case is meritorious.

  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **January 6, 2022**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE