UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>      Plaintiff,<br><br>    v.<br><br>DOE 1, et al.,<br><br>      Defendants. | Case No. 1:21-cv-01485-AWI-EPG (PC)<br><br>ORDER RE: LODGED SUPPLEMENTAL COMPLAINT<br><br>(ECF No. 24) |

       Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

       This case is currently proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Doe 1, Degough, and Doe 2 based on allegations that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue. (ECF No. 18). All other claims were dismissed. (Id.).

       On February 22, 2022, Plaintiff lodged a supplemental complaint. (ECF No. 24). However, Plaintiff failed to file a motion for permission to file a supplemental pleading, which is required. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Moreover, Plaintiff's supplemental complaint only includes new allegations. It does not include the claims that are currently proceeding in this case. This is improper. Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order

1

shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.").

Additionally, in Plaintiff's supplemental complaint, Plaintiff complains that Lieutenant Ledbetter retaliated against him on February 10, 2022, after Plaintiff showed Lieutenant Ledbetter a copy of his complaint and document(s) showing that the complaint was being served.  However, Lieutenant Ledbetter is not a defendant in this action.

The Court will take no further action on Plaintiff's lodged supplemental complaint.  If Plaintiff wishes to supplement his complaint in this action, he must file a motion for leave to supplement his complaint and attach a complaint that includes all potential claims and defendants.  The motion for leave to supplement the complaint should include reasons why these new allegations are sufficiently related to the pending case to be added to this case, rather than filed as a separate case.

Plaintiff may also file a separate case if he so chooses.[1]

IT IS SO ORDERED.

Dated:  **March 16, 2022**              /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court reminds Plaintiff that prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  The exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint."  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).
As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement.  The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner."  Id. at 1856.