UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>    Plaintiff,<br><br>  v.<br><br>DOE 1, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01485-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS COMPLAINT BE DENIED<br><br>(ECF No. 28)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

    Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.  On April 4, 2022, Plaintiff filed a motion for leave to supplement his complaint to add a retaliation claim against Lt. Ledbetter.  (ECF No. 28).  For the reasons that follow, the Court will recommend that Plaintiff's motion be denied without prejudice to Plaintiff asserting that claim in a separate lawsuit.

    **I.**    **BACKGROUND**

    Plaintiff filed his initial complaint on September 24, 2021.  This case is currently proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Doe 1, Degough, and Doe 2 based on allegations that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue.  (ECF No. 18).

    On February 22, 2022, Plaintiff lodged a supplemental complaint.  (ECF No. 24).  In the supplemental complaint, Plaintiff alleged that on February 10, 2022, Plaintiff was interviewed

1

by Lt. Ledbetter (who is not currently a defendant in this case). (Id. at 1). After Plaintiff showed Lt. Ledbetter a copy of his complaint in this case and stated that the complaint had been served, Lt. Ledbetter's demeanor and attitude toward Plaintiff became hostile. (Id. at 1-2). Lt. Ledbetter than called inmate Davis over. (Id. at 2). Lt. Ledbetter told inmate Davis that Plaintiff told him that inmate Davis was in possession of multiple cellular devices and was selling them around the prison. (Id. at 2). After this, inmates began questioning Plaintiff about these serious accusations. (Id.).

Plaintiff initially failed to file a motion for permission to file a supplemental pleading, which is required. (ECF No. 26, p. 1). Additionally, Plaintiff's proposed supplement only included new allegations, in violation of this Court's Local Rules. (Id.). Finally, Plaintiff complained about a non-defendant, Lt. Ledbetter, allegedly retaliating against him. (Id. at 2).

Accordingly, the Court took no action on Plaintiff's lodged supplemental complaint. (Id. at 2). The Court informed Plaintiff that if he "wishes to supplement his complaint in this action, he must file a motion for leave to supplement his complaint and attach a complaint that includes all potential claims and defendants. The motion for leave to supplement the complaint should include reasons why these new allegations are sufficiently related to the pending case to be added to this case, rather than filed as a separate case." (Id. at 2). The Court also informed Plaintiff that he could file a separate action instead. (Id.).

On April 4, 2022, Plaintiff filed a motion for leave to supplement his complaint to add a retaliation claim against Lt. Ledbetter. (ECF No. 28). However, no proposed amended complaint is attached. This motion is now before the Court. For the reasons that follow, the Court will recommend that the motion be denied.

**II.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Ninth Circuit has provided the following guidance on ruling on motions to supplement a complaint:

> Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed.R.Civ.P. 15, advisory committee's note. The rule is a tool of judicial economy and convenience. Its use is therefore favored. As Judge Haynsworth observed more than two decades ago:
>
>> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.
>
> *New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied,* 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964).
>
> . . .
>
> … The absence of a transactional test, which is an integral part of other Federal Rules of Civil Procedure, *see, e.g.*, Fed.R.Civ.P. 13(a), 14(a), and 20, is a strong indication that this test is not required. Further, Rule 15(d) specifically permits supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." This textually negates the argument that a transactional test is required. While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction. Professor Moore has explained the principle succinctly:
>
>> While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches.
>
> 3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985).
>
> . . .
>
> Lower courts have similarly stressed the trial court's discretion in deciding

3

>whether to allow a supplemental pleading, and liberally construe Rule
>15(d) absent a showing of prejudice to the defendant.

Keith v. Volpe, 858 F.2d 467, 473-75 (9th Cir. 1988). See also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc. 668 F.2d 1014, 1057 (9th Cir. 1981) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

## III. ANALYSIS

As discussed above, Federal Rule of Civil Procedure 15(d) is a tool of judicial economy and convenience, and the Court finds that these interests would not be served by allowing Plaintiff to supplement his complaint here.

First, even though the Court informed Plaintiff that this Court's Local Rules required him to file one pleading that is complete in itself (ECF No. 26, p. 1), Plaintiff failed to do so. In fact, Plaintiff did not attach any proposed supplement to his motion, which is required by this Court's Local Rules. Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave…..").[1] Thus, there is currently no valid proposed supplement before the Court.

Second, the proposed supplemental pleading concerns events and a defendant that is distinct from the claim that is proceeding. In his motion, Plaintiff alleges that there is a sufficient connection, "[b]ecause the rash reaction from the Lt. was caused from the instant knowledge of the original complaint & the defendants." (ECF No. 28, p. 3). While there may be some connection between Plaintiff's new allegations and this action (because Lt. Ledbetter allegedly retaliated against Plaintiff for pursing this action), it still asserts a completely different claim, based on completely different facts, against a different defendant. This case is proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Doe 1, Degough, and Doe 2, based on allegations that the water at Wasco State Prison is contaminated and that these defendants have not appropriately responded to the issue.

---

[1] "All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." Local Rule 183(a).

4

The claim Plaintiff is attempting to add is a claim against a non-defendant, Lt. Ledbetter, for retaliation for filing this lawsuit.

Finally, there would be some prejudice to defendants Doe 1, Degough, and Doe 2 in adding the claim. These defendants have already been served. They have until April 15, 2022, to file their responsive pleading, and until May 2, 2022, to either file a notice stating that they opt out of the settlement conference or to contact ADR Coordinator Sujean Park to schedule the settlement conference. Thus, the claims against these defendants are proceeding. However, if the Court were to allow Plaintiff to add a claim against Lt. Ledbetter, the Court would first need to screen the new claim. If the Court found that the claim should proceed past screening, the Court would need to serve Lt. Ledbetter and give him time to appear, because he is not currently a defendant. The Court would then need to allow discovery on this claim because it involves an entirely different transaction than the claim that is currently proceeding. This would likely delay resolution of the claims that are currently proceeding.

Based on the foregoing, the Court finds that judicial economy and convenience would not be served by allowing Plaintiff to supplement his complaint. Accordingly, the Court will recommend that Plaintiff's motion be denied, without prejudice to Plaintiff asserting the proposed claim in a separate lawsuit.

IV.     **RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to supplement his complaint be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 8, 2022**                         /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE