UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. SHIRLEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01485-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 31)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.　INTRODUCTION**

Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case is proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Shirley, DeGough, and Cronjager[1] based on allegations that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue. (ECF Nos. 14, 18, & 40).[2]

On April 14, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies before filing this case.

---

[1] This case was originally allowed to proceed against defendants "Doe 1, De[G]ough, and Doe 2." (ECF No. 18, p. 2). However, the Doe defendants were later identified, and the Court ordered that "[r]eferences to Doe 1 will be treated as if they referred to H. Shirley," and "[r]eferences to Doe 2 will be treated as if they referred to J. Cronjager." (ECF No. 40, p. 2).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

(ECF No. 31). On May 4, 2022, the Court granted Plaintiff until July 8, 2022, to file his response to Defendants' motion for summary judgment and opened discovery solely on the issue of whether Plaintiff exhausted available administrative remedies. (ECF No. 38). On May 23, 2022, Plaintiff filed his opposition. (ECF No. 41). On May 26, 2022, Defendants filed their reply. (ECF No. 42).

Based on the undisputed facts, the Court finds that Plaintiff exhausted his available administrative remedies, but he did so after he filed the operative complaint. Accordingly, the Court recommends that Defendants' motion for summary judgment be granted, and that the case be dismissed without prejudice to Plaintiff refiling his claim now that it appears to be exhausted.

## II. SUMMARY OF CLAIMS

This case is proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against defendants Shirley, Degough, and Cronjager based on allegations that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue. (ECF Nos. 14, 18, & 40). In allowing this claim to proceed past screening, the Court found as follows:

> Liberally construing Plaintiff's complaint, the Court finds that Plaintiff sufficiently alleges that he is forced to drink, bathe with, and eat with contaminated water, and that this contaminated water poses an excessive risk to his health and safety, to proceed past the screening stage. According to Plaintiff, he has already suffered numerous symptoms, including severe kidney pain, headaches, hair loss, and rashes.
>
> The more difficult question is who Plaintiff alleges is responsible. Upon reviewing Plaintiff's First Amended Complaint, the Court finds that Plaintiff sufficiently alleges that [defendant Shirley] (the Warden of Wasco State Prison), defendant De[G]ough (the Wasco State Prison Water System Contractor), and defendant [Cronjager] (the head of the Health and Safety Division of Wasco State Prison) knew of the contaminated water issue but failed to act. According to Plaintiff's First Amended Complaint, all of these defendants appear to be directly responsible for the health and safety of inmates at Wasco State Prison. Moreover, it appears that all of these defendants reside and/or work in Kern County, and Plaintiff alleges that the issue is occurring throughout Kern County. Finally, Plaintiff alleges that the news, newspaper, and media have televised the rampant harm, and citizens have been banned from consuming this water. Based on these allegations, and liberally construing Plaintiff's complaint, the

Court finds that Plaintiff's Eighth Amendment conditions of confinement claim against defendants [Shirley], De[G]ough, and [Cronjager] should proceed past screening.

(ECF No. 14, pgs. 12-13 (footnotes omitted); ECF No. 18, p. 2).

All other claims were dismissed. (ECF No. 18, p. 2).

### III.   SUMMARY JUDGMENT

####     a.   Defendants' Motion (ECF No. 31)

Defendants filed a motion for summary judgment on April 14, 2022. (ECF No. 31). Defendants move for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies before filing this case. (Id.).

Defendants assert that regulations were in place "governing the filing and resolution of inmate grievances."[3] (Id. at 4). The process has two levels, and "[i]t is only a substantive response at the second level of review that exhausts administrative remedies." (Id.).

Defendants also assert that Plaintiff utilized the administrative remedies regarding his claim in this case, and that he "exhausted those administrative remedies when he obtained a second level of review from the CDCR Office of Appeals in Sacramento on November 17, 2021." (Id.). However, Plaintiff "did not exhaust administrative remedies until 54 days after he filed his initial complaint on September 24, 2021 and 9 days after he filed his first amended complaint on November 8, 2021." (Id.) (citations omitted). Accordingly, Defendants argue that this action should be dismissed because Plaintiff failed to properly exhaust administrative remedies. (Id. at 5).

In support of their motion, Defendants submit among other things: the declaration of B. Keyfauver, the Grievance Coordinator at Wasco State Prison; a grievance submitted by Plaintiff with Log. No. 161850; the first level response; and the second level response.

####     b.   Plaintiff's Opposition (ECF No. 41)

Plaintiff filed his opposition on May 23, 2022. (ECF No. 41).

Plaintiff argues that the administrative remedy was not available because the grievance procedure operates as a dead end, with Wasco State Prison officials unable or consistently

---

[3] A grievance is also referred to as an appeal or a 602.

3

unwilling to provide any relief. (Id. at 2). Plaintiff argues that Wasco State Prison officials consistently close grievances filed by inmates, including Plaintiff, as a means to avoid accountability. (Id.). This is done before staff considers the merits of the grievance. (Id.). Plaintiff also argues that Wasco State Prison officials prevent inmates from using the grievance procedure through machinations. (Id.).

Plaintiff argues that his grievance was erroneously closed in a biased manner because Keyfauver calculated the due date for his grievance from the date posted on the memo Plaintiff referenced, and not on the date of Plaintiff's grievance. (Id.). This was done to "detour" Plaintiff's grievance process. (Id.). Keyfauver did the same thing in the case of Paul Keller v. Kathleen Allison. (Id. at 3). Plaintiff argues that this shows machinations on the part of Wasco State Prison. (Id.). Moreover, Plaintiff never received a remedy in response to his grievance. (Id. at 4).

Plaintiff also argues that exhaustion is not required (id. at 3 & 5), but even if it is, a grievance is sufficient if it gives prison officials the time and opportunity to address complaints internally (id. at 3). And here, Plaintiff gave prison officials fair opportunity to address his complaint "by allowing 51 of 60 days to pass until the filing of the Amended complaint." (Id.). Plaintiff also asserts that he raised the issue of contaminated water with staff outside of the grievance process as well. (Id. at 5).

Plaintiff also asserts that officials who processed his grievance never addressed the merits of his grievance, even though he was complaining about a grave danger to inmates housed at Wasco State Prison. (Id. at 6).

Plaintiff also asserts that his grievance should have been processed as an emergency grievance. (Id. at 8).

Plaintiff also includes facts and arguments that are not relevant to the issue of whether Plaintiff exhausted his available administrative remedies, including arguments related to the

merits of his case.[4]

In support of his opposition, Plaintiff submits among other things: his declaration; the first level response to his grievance; the second level response to his grievance; the first level response to a grievance filed by inmate Paul Keller; and a log of grievances filed by Plaintiff.

    c. Discussion

        i. *Legal Standards for Summary Judgment*

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

---

[4] The Court notes that Plaintiff states that defense counsel did not provide answers to Plaintiff's interrogatories (ECF No. 41, p. 1), but there is no indication that the interrogatories were relevant to the issue of exhaustion or that Plaintiff needed the responses to properly respond to the motion for summary judgment.

which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

                ii.   *Legal Standards for Exhaustion of Administrative Remedies*

The California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3486.[5] Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." Cal. Code Regs. tit. 15, § 3486.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that

---

[5] Section 3486 was subsequently repealed, but the process still has two levels of review. Cal. Code Regs. tit. 15, § 3481(a)

6

"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing the operative complaint. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam); Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 578 U.S. 632, 639-40, 642 (2016).

As discussed in Ross, 578 U.S. at 648, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 639. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use….
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 643-44 (footnote omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d

7

1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

   iii. *Undisputed Facts*

The Court finds that the following facts are undisputed:[6]

- Plaintiff filed the complaint commencing this action on September 24, 2021. (ECF No. 1).
- Plaintiff filed his First Amended Complaint on November 8, 2021. (ECF No. 13).
- Plaintiff filed a grievance related to the issue of contaminated water. Defendants' Statement of Undisputed Facts, ¶ 5.
- Plaintiff's grievance is dated September 6, 2021. (ECF No. 31-2, p. 5).
- The final response to Plaintiff's grievance was issued on November 17, 2021. Defendants' Statement of Undisputed Facts, ¶ 6.

   iv. *Analysis*

It is undisputed that Plaintiff received a response from the final level of review on November 17, 2021. Additionally, Defendants admit, and Plaintiff does not dispute, that this response exhausted the available administrative remedies. However, prisoners are required to exhaust the available administrative remedies prior to filing the operative complaint. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam); Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022). Here, it is undisputed that Plaintiff filed the operative complaint on November 8, 2021. As it is undisputed that Plaintiff did not exhaust administrative remedies until after the date he filed the operative complaint, Defendants are entitled to summary judgment on the issue of exhaustion.

---

[6] Plaintiff failed to respond to Defendants' Statement of Undisputed Facts, and Defendant failed to respond to Plaintiff's Statement of Facts. However, after reviewing the parties' filings, the Court has determined that neither side disputes these facts.

Plaintiff makes several arguments as to why Defendants are not entitled to summary judgment, but none are persuasive.

Plaintiff argues that remedies were not available because prison officials prevent inmates from using the grievance procedure through machinations. An administrative remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 644. However, Plaintiff has not submitted evidence that he was prevented from taking advantage of the grievance procedure through machination, misrepresentation, or intimidation. In fact, it is undisputed that Plaintiff exhausted administrative remedies shortly after filing the operative complaint. Thus, this argument is not persuasive.

Plaintiff also argues that he never received a remedy in response to his grievance, and that the grievance procedure operates as a dead end, with Wasco State Prison officials unable or consistently unwilling to provide any relief. "[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Ross, 578 U.S. at 643.

The fact that Plaintiff did not receive a remedy in response to his grievance does not change the analysis here. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth, 532 U.S. at 736, 741; see also Ross, 578 U.S. at 639-40, 642. "[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." Woodford v. Ngo, 548 U.S. 81, 94-95 (2006). Thus, even if the grievance procedure was not able to provide the remedy Plaintiff requested, he was still required to utilize the procedure.

While Plaintiff also argues that the process operates as a dead end, with officers unable or consistently unwilling to provide any relief, Plaintiff has not submitted evidence from which a fair-minded fact finder could reasonably find for Plaintiff on this issue. Plaintiff's only evidence is that his grievance and another inmate's grievances were not addressed on the merits, as well as a log of grievances with three log numbers circled. However, the log does not state what remedies, if any, were provided. Additionally, there is no evidence that officers are unable to provide any relief through the grievance process, and a fair-minded fact finder could not reasonably find that officers are *consistently* unwilling to provide any relief to inmates based on the few examples provided by Plaintiff. Accordingly, this argument is not persuasive.

Plaintiff also argues that exhaustion is not required. As discussed above, Plaintiff was required to exhaust available administrative remedies. Thus, Plaintiff is incorrect as a matter of law.

Plaintiff also argues that even if he was required to exhaust, he did not need to strictly follow the grievance procedure, he only needed to provide prison officials the time and opportunity to address complaints internally (which he did). Plaintiff is incorrect as a matter of law. Even if Plaintiff provided prison officials with notice of the issue, and even if they had a chance to respond, this does not exhaust available administrative remedies or excuse compliance with an available administrative procedure. Instead, "proper exhaustion of administrative remedies … means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90, 93 (2006) (citation and internal quotation marks omitted).

Plaintiff also argues that prison officials failed to process his grievance as an emergency grievance. However, there is no evidence before the Court that Plaintiff asked for his grievance to be processed as an emergency grievance, or that prison officials were required under their procedures to do so. And, Plaintiff has not cited to any authority, and the Court is not aware of any, suggesting that the failure of prison officials to process a grievance as an emergency means that the grievance procedure was unavailable to the inmate.

Based on the undisputed facts, the Court finds that Plaintiff exhausted his available administrative remedies, but he did so after he filed the operative complaint. Accordingly, the Court will recommend that Defendants' motion be granted.

The Court notes that it is not addressing the merits of Plaintiff's action, and that the dismissal recommended by the Court is without prejudice, meaning that Plaintiff may refile this action now that he has exhausted his claim.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and
2. This action be dismissed without prejudice to Plaintiff refiling the action given that he exhausted his available administrative remedies, but he did so after he filed the operative complaint.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 15, 2022**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE