UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AARON D. SEYMOUR,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**H. SHIRLEY, et al.,**<br><br>　　　　Defendants. | Case No. **1:21-cv-01485-AWI-EPG (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(ECF Nos. 31 & 45)**<br><br>**ORDER DENYING MOTION FOR PERMISSION TO REFILE CIVIL COMPLAINT AS MOOT**<br><br>**(ECF No. 46)**<br><br>**ORDER DIRECTING CLERK TO OPEN NEW CASE**<br><br>**(ECF Nos. 47 & 48)** |

Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 14, 2022, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies before filing this case. (ECF No. 31). On May 4, 2022, the Court granted Plaintiff until July 8, 2022, to file his response to Defendants' motion for summary judgment and opened discovery solely on the issue of whether Plaintiff exhausted available administrative remedies. (ECF No. 38). On May

23, 2022, Plaintiff filed his opposition.  (ECF No. 41).  On May 26, 2022, Defendants filed their reply.  (ECF No. 42).

On June 15, 2022, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that "Defendants' motion for summary judgment be granted," and that "[t]his action be dismissed without prejudice to Plaintiff refiling the action given that he exhausted his available administrative remedies, but he did so after he filed the operative complaint."  (ECF No. 45, p. 11).

The parties were provided an opportunity to file objections to the findings and recommendations.  The deadline to file objections has passed and no objections have been filed.  However, on the same day the findings and recommendations were issued, Plaintiff filed refiled his opposition (ECF No. 44), along with a new supporting declaration (ECF No. 43).  On June 29, 2022, Plaintiff filed a motion for permission to refile his civil complaint, along with a complaint and an application to proceed *in forma pauperis*.  (ECF Nos. 46, 47, & 48).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

As the Court is adopting the findings and recommendations, including the recommendation that the action be dismissed without prejudice to Plaintiff refiling the action, the Court will deny Plaintiff's motion for permission to refile his civil complaint as moot.[1] However, as Plaintiff already refiled his complaint, the Court will direct the Clerk of Court to open a new action.

---

[1] Plaintiff also asks the Court to recognize that he is proceeding without counsel and that he is only an apprentice at law.   The Court will not "recognize" that Plaintiff is an apprentice at law, but, as noted above, Plaintiff is proceeding *pro se* in this case.
Finally, Plaintiff also asks the Court to refile its findings and recommendations.  Plaintiff does not identify which findings and recommendations he wants the Court to refile.  He also provides no explanation as to why the Court should refile any findings and recommendations.  Accordingly, this request is DENIED.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on June 15, 2022, are ADOPTED in full.
2. Defendants' motion for summary judgment is granted.
3. This action is dismissed without prejudice to Plaintiff refiling the action given that he exhausted his available administrative remedies, but he did so after he filed the operative complaint.
4. Plaintiff's motion for permission to refile his civil complaint is denied as moot.
5. The Clerk of Court is directed to:
    a. Open a new § 1983 action for Plaintiff;
    b. Assign a random magistrate judge to the action [as mentioned above, this can be switched to say assign AWI and EPG];
    c. File and docket a copy of Plaintiff's lodged complaint (ECF No. 47) and Plaintiff's application to proceed *in forma pauperis* (ECF No. 48) in the newly opened action;
    d. Provide Plaintiff with the case number for the newly opened action; and
    e. Close this case.

IT IS SO ORDERED.

Dated:  July 28, 2022

SENIOR DISTRICT JUDGE